UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-8789** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "L" (4)** |

### ORDER

Before the Court is an unopposed **Motion to Fix Attorneys Fees (R. Doc. 12)** filed by the Defendant, Allstate Insurance Company ("Allstate"), in compliance with the Court's Order (R. Doc. 11) which granted as unopposed Allstate's Motion To Compel Answers To Discovery and For Costs and Attorney's Fees. (R. Doc. 8). The motion was heard without oral argument on Wednesday, September 3, 2008.

**I.   Factual Summary**

The Plaintiff, James Harris, failed to respond to Allstate's written discovery requests. (*See* R. Doc. 8). As a result, Allstate filed a Motion To Compel Answers To Discovery and For Costs and Attorney's Fees. (R. Doc. 8). On August 18, 2008, the undersigned awarded Allstate attorney's fees and costs in connection with its earlier filed motion. (R. Doc. 11). Accordingly, Allstate now seeks an award of $435.00 in attorney's fees and costs.

**II.   Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### III.    Analysis

#### A.    Calculating a Reasonable Hourly Rate

Allstate seeks to recover fees for services rendered by Donna E. Schwab ("Schwab") in connection with an earlier filed Motion to Compel. (R. Doc. 12). Ms. Schwab attests in her affidavit that she has been practicing law for eight years and that her hourly rate is $150.00. (R. Doc. 12-3, Ex. A).

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum*

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

*v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The Court finds that Ms. Schwab's hourly rate of $150.00 is reasonable given her years of experience in the profession. Schwab is a 2000 graduate of Loyola University School of Law, and she has been an attorney in good standing for eight years. (R. Doc. 12-3). She further attests that

she has been engaged in practice before this Court since she became a member of the bar. (R. Doc. 12-3). *See Davis v. Amer. Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 12228896 (E.D. La. May 28, 2008) (Roby, J.) (awarding hourly rate of $125.00 for an attorney with one (1) year of legal experience); *Creecy v. Metro. Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience). Therefore, after reviewing the prevailing market rates for legal services in this area, the Court concludes that a rate of $150.00 is an appropriate and reasonable rate for Schwab.

### B. Determining the Reasonable Hours Expended

Allstate certifies that Schwab spent a total of 2.9 hours working on the motion. (R. Doc. 12-4, Ex. B). It further claims that the total attorney's fees billed equal a fee amount of $435.00. Allstate asserts that the hours and time submitted are reasonable within the meaning of the lodestar and should therefore be awarded by the Court. (R. Doc. 12-2, p. 1).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Hous. & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).

4

Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court notes that Allstate's counsel has not exercised billing judgment as required by the lodestar. Therefore, the Court will proceed with its line-by-line analysis of the billing statement to determine the reasonableness of the fees requests.

*1.    Block Billing*

At the outset, the Court notes that counsel for Allstate engaged in block billing. "Block billing" can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d. 1275, 1283, n.9 (10th Cir. 1998); *Harold Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d. 1533, 1554 n. 15 (10th Cir. 1996). *See also Inst. for Wildlife Prot. v. Norton*, No. C03-1251P, 2006 WL 1896730, at *2 (W.D. Wash. July 10, 2006); *Defenbaugh v. JBC & Assocs., Inc.*, No. C-03-0651 JCS, 2004 WL1874978 (N.D. Cal. Aug. 10, 2004). This practice can make it impossible for the court to determine the reasonableness of the hours spent on each task; particularly, when the generic labels are used and the Court cannot determine whether the tasks are related or which matters the "calls" or "correspondence" address. While block billing creates impediments to the analysis of the attorneys' fee bill, the Supreme Court has indicated that

5

it is not a basis for refusing to award attorneys' fees. *Trulock v. Hotel Victorville*, 92 Fed. Appx. 433, 434 (9th Cir. 2004).

A review of case law reflects that the method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *See, e.g.*, *Delgado v. Village of Rosemont*, No. 03 C 7050, 2006 WL 3147695, at *7 (N.D. Ill. Oct. 31, 2006) (reduction of total fees by 35% for vagueness, block billing and lack of detail); *Phoenix Four, Inc., v. Strategic Resources Corporation*, No. 05 Civ. 4837(HB), 2006 WL 2135798, at *2 (S.D.N.Y. Aug. 1, 2006) (fee award reduced by 25% for block billing); *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt,* No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005); (reduction of award by 25% for block billing, excessive hours, and vagueness in time entries); *Sea Spray Holdings, Ltd. v. Pali Fin. Group Inc*., 277 F.Supp.2d 323, 326 (S.D.N.Y. 2003) ("because of ... the inherent difficulties the court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the court finds that a 15% "flat reduction of fees ... is warranted."). *See also Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F.Supp.2d 279 (E.D. La. 2008) (Roby, J). Therefore, the Court will decrease Schwab's fee award by 25%.

### 2. *Billing Entries*

The Court notes that the motion, supporting memorandum, and affidavit total 11 pages. (R. Doc. 8). As stated previously, Schwab's total recoverable hours are subject to a 25% fee reduction due to block billing. Her total time entries amount to 2.9 hours. When calculated at a rate of $150.00 per hour, the total amount for Schwab's fees is $435.00. When reduced by 25%, the resulting amount is $326.25. Accordingly, the Court finds that the sum of $326.25 is a reasonable fee for the motion.

C.  **Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

**III.  Conclusion**

Accordingly,

**IT IS ORDERED** that Allstate Insurance Company's **Motion to Fix Attorney's Fees (R. Doc. 12)** is hereby **GRANTED**. The Court finds that a total fee of **$326.25** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that James Harris shall satisfy his obligation to Allstate no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 12th day of January 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**